UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAYNE T. CRAIGO,

    Plaintiff,

v.      CAUSE NO.: 3:18-CV-112-RLM-MGG

ELKHART CITY POLICE
DEPARTMENT, et al.,

    Defendants.

OPINION AND ORDER

Wayne T. Craigo, a prisoner without a lawyer, filed a complaint against the Elkhart City Police Department, the Elkhart County Sheriff's Department, and the City of Elkhart in the Elkhart Circuit Court. The defendants removed this case to this federal court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Craigo alleges that, on March 18, 2016, he was involved in a high-speed chase with the Elkhart City Police. When he stopped his vehicle, he complied with the police officers' instructions and advised that he had a spinal condition. Nevertheless, once Mr. Craigo exited the vehicle, police officers slammed him into a vehicle and threw him to the ground, which resulted in pain and numbness in his back and legs. At the Elkhart County Jail, he was not provided the appropriate medication throughout his eighteen-month stay despite authorizing the jail staff to access to his medical records. That's what he alleges in his complaint.

Though it appears that Mr. Craigo is trying to assert claims of excessive force and deliberate indifference to his serious medical needs, the complaint doesn't state a claim against any defendant. Mr. Craigo names the Elkhart City Police Department, the Elkhart County Sheriff's Department, and the City of Elkhart as defendants rather than individual defendants. To pursue a claim under Section 1983 against a local government unit, a plaintiff must show that his injury was the result of that unit's official policy or custom. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. Craigo doesn't challenge any policy or practice of any of these governmental entities. Moreover, in the City of Elkhart, the mayor supervises and controls the police departments and appoints the department head. Elkhart Ordinance § 31.001, available at http://www.amlegal.com/codes/client /elkhart_in/. Because the Elkhart City Police Department has no separate legal existence from the City of Elkhart, the police department isn't a suable entity. See Fain v. Wayne Cty. Auditor's Office,

388 F.3d 257, 261 (7th Cir. 2004); Argandona v. Lake Cty. Sheriff's Dep't, 2007 WL 518799, at *3 (N.D. Ind. 2007). The complaint doesn't state a claim upon which relief may be granted.

Mr. Craigo can file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. On any amended complaint, he must put the cause number of this case which is on the first page of this order. He must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant used excessive force or was responsible for providing him with inappropriate medication. This narrative should be organized in numbered paragraphs. He must refer separately to the unknown defendants even if he does not know their names. For instance, if he seeks to bring a claim against two police officers and two nurses, he may refer to them as "Unknown Police Officer #1," "Unknown Police Officer #2," "Unknown Nurse #1," and "Unknown Nurse #2," and should use these names each time he refers to them. Additionally, if Mr. Craigo seeks to pursue claims against the Elkhart Court Sheriff's Department or the City of Elkhart, he must identify the policies or practices that caused officials to use excessive force or to deprive him of medication.

For these reasons, the court GRANTS Wayne T. Craigo until March 28, 2018, to file an amended complaint. If he doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on February 27, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT