UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAYNE T. CRAIGO,

Plaintiff,

v.                                                    CAUSE NO.: 3:18-CV-112-RLM-MGG

ELKHART CITY POLICE
DEPARTMENT, et al.,

Defendants.

OPINION AND ORDER

Wayne T. Craigo, a prisoner without a lawyer, has filed a motion to amend the complaint. Because the court has already granted Mr. Craigo leave to amend (ECF 10), this motion is granted. Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Craigo alleges that, on March 18, 2016, he was involved in a high-speed chase with the Elkhart city police. When he stopped his vehicle, he complied with the police officers' instructions and told them he had a spinal condition. Nevertheless, once Mr. Craigo got out of the vehicle, police officers slammed him into a vehicle and threw him to the ground, producing pain and numbness in his back and legs. He wasn't given the appropriate pain medication

throughout his eighteen-month stay at the Elkhart County Jail despite authorizing the jail staff to access to his medical records. Mr. Craigo seeks money damages and an order for appropriate medical treatment.

As an initial matter, Mr. Craigo can't get injunctive relief in this case because he's not in the custody or under the care of the defendants; he's currently incarcerated at the New Castle Correctional Facility. See Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.").

Mr. Craigo asserts claims against several of the defendants for things that happened more than two years before the date he submitted the amended complaint on April 24, 2018. He says the conduct attributed to the John Doe Police Officers and the Jane Doe Nurse -- the arrest and the medical treatment at intake -- occurred between March 18, 2016, and March 27, 2016. The applicable statute of limitations is two years, See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005), and the relation back rules set forth in Fed. R. Civ. P. 15(c) don't apply to these defendants. See Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996) ("Rule 15(c) . . . does not permit relation back where, as here, there is a lack of knowledge of the proper party"). Therefore, the claims against the John Doe Police Defendants and the Jane Doe Nurse must be dismissed.

Mr. Craigo also names the Elkhart City Police Department and the Elkhart mayor as defendants. The Elkhart City Police Department has no separate legal

existence from the City of Elkhart, so the police department is not a suable entity.

See Fain v. Wayne Cty. Auditor's Office, 388 F.3d 257, 261 (7th Cir. 2004);

Argandona v. Lake Cty. Sheriff's Dep't, 2007 WL 518799, at *3 (N.D. Ind. 2007);

Elkhart Ordinance § 31.001, available at

http://www.amlegal.com/codes/client/elkhart_in/. Although the Elkhart

mayor is named as a defendant in the caption, there is no mention of him in the

rest of the amended complaint. Therefore, the Elkhart City Police Department

and the Elkhart Mayor are dismissed.

Mr. Craigo asserts claims of deliberate indifference to serious medical

needs against Dr. Foster, Nurse Beth, and Nurse Jessica. He alleges that these

defendants are liable for the failure to prescribe the proper pain medications and

dosages. Under the Eighth Amendment, inmates are entitled to adequate medical

care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner

must satisfy both an objective and subjective component by showing: (1) his

medical need was objectively serious; and (2) the defendant acted with deliberate

indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

A medical need is "serious" if it is one that a physician has diagnosed as

mandating treatment, or one that is so obvious that even a lay person would

easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d

645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted

in an intentional or criminally reckless manner, i.e., the defendant must have

known that the plaintiff was at serious risk of being harmed and decided not to

do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment doesn't establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

Mr. Craigo alleges that Nurse Beth and Nurse Jessica's role is to respond to the medical requests of prisoners before they are seen by a doctor. ECF 16-1 at 3. Considering the limited role and title of these defendants, it is implausible to infer that had the authority required to prescribe medications or to increase dosages, and Mr. Craigo offers no other allegations to describe how they personally violated his right to adequate medical care. Mr. Craigo may proceed on a deliberate indifference claim against Dr. Foster.

Mr. Craigo also asserts a claim of deliberate indifference for his serious medical needs against the Elkhart County Sheriff's Department and Correct Care Solutions. He alleges that they maintained a policy of not carrying or providing Neurontin, which Mr. Craigo had been prescribed for at least six years before his incarceration. To pursue a claim under Section 1983 against a municipal or

corporate entity, a plaintiff must show that his injury was the result of that entity's official policy, practice, or custom. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. Craigo states a plausible claim of deliberate indifference against these defendants.

For these reasons, the court:

(1) GRANTS the motion to amend the complaint (ECF 16);

(2) DIRECTS the clerk to file the amended complaint (ECF 16-1);

(3) GRANTS Wayne T. Craigo leave to proceed on a claim of deliberate indifference against Dr. Foster in his individual capacity for money damages for failing to prescribe adequate pain medication in violation of the Eighth Amendment;

(4) GRANTS Wayne T. Craigo leave to proceed on a claim of deliberate indifference against the Elkhart County Sheriff's Department and Correct Care Solutions for money damages for maintaining a policy of not carrying or providing Neurontin in violation of the Eighth Amendment;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Foster, the Elkhart County Sheriff's Department, and Correct Care Solutions at the Elkhart County Jail with a copy of this order and the amended complaint (ECF 16-1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS Dr. Foster, the Elkhart County Sheriff's Department, and Correct Care Solutions, pursuant to 42 U.S.C. § 1997e(g)(2), to respond as provided in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10.1, only to the claims for which Wayne T. Craigo has been granted

leave to proceed in this screening order.

SO ORDERED on May 8, 2018

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT